IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DARVIN MCKINNIE,                        §
                                        §
            Plaintiff,                  §
                                        §
V.                                      §           No. 3:19-cv-394-E-BN
                                        §
KARZILLA, LLC,                          §
                                        §
            Defendant.                  §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 5. Plaintiff Darvin McKinnie has filed a Motion for Partial Summary Judgment. *See* Dkt. No. 36. Defendant Karzilla, LLC has filed a response, *see* Dkt. No. 42, and McKinnie filed a reply, *see* Dkt. No. 47.

For the reasons explained below, the undersigned recommends that the motion for partial summary judgment should be granted in part and denied in part.

## Background

On October 29, 2018, McKinnie purchased a 2006 Honda Pilot from Karzilla for personal and family purposes and financed the purchase through Karzilla. *See* Dkt. No. 15 at 2; Dkt. No. 38 at 2-5 and Dkt. No. 44 at 2-5 (Motor Vehicle Retail Installment Sales Contract); Dkt. No. 38 at 25.

After McKinnie purchased the vehicle, he experienced problems with it and took it to Karzilla for repairs, which cost $495.46. *See* Dkt. No. 15 at 3. McKinnie

could not pay the full amount, so Karzilla allowed him to make a $200 down payment. McKinnie and Karzilla entered a repair agreement for the remaining $295.46 under which McKinnie would make five $50 payments, due November 29, 2018, December 6, 13, 20, and 27, 2018, and one final payment of $45 due January 3, 2019. *See id*.; Dkt. No. 38 at 7 (Automotive Repair Agreement).

McKinnie filed this lawsuit on February 15, 2019. In his Amended Complaint, he asserts claims for violations of the Truth in Lending Act ("TILA"), Equal Credit Opportunity Act, and Texas Uniform Commercial Code. *See* Dkt. No. 15.

McKinnie now seeks summary judgment on the TILA claim. McKinnie alleges that Karzilla is a creditor that entered into a consumer credit agreement with him to finance repairs to his vehicle but that, in connection with that transaction, Karzilla did not provide him a Truth in Lending disclosure statement. Karzilla responds that it was not required to provide a new disclosure statement because the repair agreement was an addendum to or modification of the original sales agreement. McKinnie also alleges that Karzilla abandoned its bona fide error defense.

## Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is

'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. FED. R. CIV. P. 56(c)(1) "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for

summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." Fᴇᴅ. R. Cɪᴠ. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a

finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

The TILA is a federal consumer protection statute that provides consumers with a cause of action against creditors that fail to make required disclosures. *See* 15 U.S.C. §§ 1601 *et seq*.; 12 C.F.R. § 226 ("Regulation Z").

Karzilla admits that that it is a creditor as defined by 15 U.S.C. § 1602(g) and 15 U.S.C. § 1691a(e) in relation to Motor Vehicle Retail Installment Sales Contracts for the purchase of automobiles. *See* Dkt. No. 38 at 20 (Answers to Requests for Admission Nos. 15 and 16). And it is undisputed that the Motor Vehicle Retail

Installment Sales Contract between McKinnie and Karzilla was a consumer credit transaction. It is also undisputed that Karzilla made the disclosures required by the TILA in the Motor Vehicle Retail Installment Sales Contract. *See id.* at 2-5; Dkt. No. 44 at 2-5; 15 U.S.C. §§ 1631(a), 1638(a)(6)).

But the parties disagree as to whether the Automotive Repair Agreement was simply a modification or extension of the initial purchase agreement for which no disclosures were required or a separate and new document requiring new disclosures.

The undersigned finds that the two agreements are ambiguous as to that determinative issue on summary judgment.

The Motor Vehicle Retail Installment Sales Contract gave Karzilla a security interest in the following:

> SECURITY INTEREST: To secure all I owe on this contract and all my promises in it and any other debt I now owe you *or in the future owe you*, I give you a security interest in:
>
> - the motor vehicle including all accessories and parts now or later attached and any other goods financed in this contract;
> - all insurance proceeds and other proceeds received for the motor vehicle;
> - any insurance policy, *service contract or other contract financed by you and any proceeds of those contracts*; and
> - any refunds of charges included in this contract for insurance, or service contracts.
>
> This security interest also secures *any extension or modification of this contract*. The certificate of title must show your security interest in the motor vehicle.

Dkt. No. 44 at 4 (emphasis added).

The Automotive Repair Agreement provides

> I Darvin McKinnie understand that KARZ is financing my "AUTOMOTIVE REPAIRS" in the amount of $495.46.
>
> I understand this will be a SEPARATE AGREEMENT. The PAYMENT will be applied to "AUTOMOTIVE REPAIRS."
>
> I agree to pay each payment as scheduled for the "AUTOMOTIVE REPAIRS."

Dkt. No. 38 at 7 (emphasis in original).

The Automotive Repair Agreement then lists the total amount due of $495.46, a $200 down payment, and a balance due of $295.46 and schedules five weekly payments of "$100 + 50" and a final payment of "$100 + 45." *Id.* Karzilla asserts that on the Automotive Repair Agreement, it lists both the on-going $100 weekly payment for purchase of the car and the $50 weekly payment for repairs. McKinnie disagrees, and asserts that the payments due for repairs under the Automotive Repair Agreement total $895, not the $295.46 balance on the loan.

Despite the plain language of the Automotive Repair Agreement describing it in all caps as a separate agreement, Karzilla contends that it is a modification or extension of the Sales Contract for which new disclosures are not required. Regulation Z requires new disclosures to the consumer when the debt is refinanced. *See* 12 C.F.R. § 226.20(a), 12 C.F.R. § 1026.20(a). But "a change in the payment schedule or a change in collateral requirements as a result of the consumer's default or delinquency" is not treated as a revision requiring new disclosures "unless the rate is increased, or the new amount financed exceeds the unpaid balance plus earned finance charge and premiums for continuation of insurance of the type described in § 226.4(d)." 12 C.F.R. § 226.20(a)(4); 12 C.F.R. § 1026.20(a)(4*); Scott v. Wells Fargo*

*Home Mortg. Inc.,* 326 F. Supp. 2d 709, 715-16 (E.D. Va. 2013) ("[T]he restructuring/modification agreements are exempt from TILA's disclosure requirements, otherwise applicable to refinancing agreements, because those agreements resulted only in a change in payment schedule as a result of the [plaintiff's] default or delinquency.").

Inconsistent language in the two agreements creates genuine issues of material fact that preclude summary judgment on McKinnie's TILA claim.

McKinnie also contends that Karzilla abandoned its bona fide error defense as a matter of law. *See* Dkt. No. 27 at 7. The TLIA provides a limited defense to creditors that commit bona fide errors:

> A creditor … may not be held liable … if the creditor … shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error.

15 U.S.C. § 1640(c). The defense is only available for clerical errors that occur despite a system for correcting them. It does not excuse unintentional violations that result from mistaken legal conclusions concerning the requirements of the TLIA and Regulation Z. *See McGowan v. King, Inc.*, 569 F.2d 845, 849 (5th Cir. 1978).

McKinnie argues that Karzilla abandoned its bona fide error defense because, in its amended answers to interrogatories, it denied that it committed any error in its dealings with McKinnie. *See* Dkt. No. 38 at 13 ¶¶ 8, 9. Because this defense is

based on Karzilla's legal conclusions and not on a clerical error, the undersigned concludes that Karzilla has abandoned the bona fide error defense.

## Recommendation

Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 36] should be granted in part and denied in part. The Court should deny McKinnie's motion for partial summary judgment on his Truth-in-Lending Act claim but should grant the motion on Karzilla's abandonment of its bona fide error defense.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2020

11

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE